### NEW YORK, NEW HAVEN AND HART-FORD RAILROAD COMPANY
#### v.
### UNITED STATES of America.
### Civ. A. No. 57-739.

United States District Court
D. Massachusetts.
Jan. 25, 1960.

William Q. Keenan, New Haven, Conn., Edmund M. Sweeny, Arthur D. Healey, Boston, Mass., for plaintiff.

Elliot L. Richardson, U. S. Atty., Norman A. Hubley, Asst. U. S. Atty., Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Plaintiff railroad company brings this action to recover charges for certain transportation services rendered to the United States and set forth in plaintiff's freight bill No. F-254655. The United States in making payment of this bill deducted from the amount thereof the sum of $972.93 which was found by the government to be an overcharge contained in an earlier freight bill of the same railroad, No. F-53087, which had been paid by the United States prior to audit under the provisions of 49 U.S. C.A. § 66. The real issue, therefore, is whether or not there was an overcharge on the earlier bill No. F-53087.

Freight bill No. F-53087 represented charges for shipments covered by five

bills of lading Nos. WQ-8025356, WQ-8025358, WQ-8025355, WQ-8025271 and WQ-8025402. In each case the shipment involved was one of shoes in carload lots received by the originating carrier, the Bush Terminal Railroad Company, at Bush Terminal in Brooklyn, carried on floats from Brooklyn to New Haven's Harlem River Station and thence over New Haven's tracks to Boston.

These shipments were originally billed at the rate of 86 cents per hundred pounds, which is the through rate for second-class freight (which included shoes) from Brooklyn to Boston, as set forth in the New England Freight Association Tariff No. 18-B, I.C.C. No. 369, which lists both the New Haven and Bush Terminal railroads as participating carriers.[1]

Tariff No. 369 contained the following Rule No. 15:

"Rule No. 15.—Application of Aggregate of Intermediate Rates (Not applicable in connection with joint motor-rail or rail-motor rates.)

"If the aggregate of separately established (joint, local or proportional) rates contained in tariffs lawfully on file with the Interstate Commerce Commission on interstate traffic and with the various State Commissions on intrastate traffic (and which would apply in the absence of rates published herein), via any route via which the rates named in this tariff apply, produces a lower charge on any shipment than the charge under the rates contained in this tariff, and as amended, such lower charge will be the legal charge to apply via all route authorized in this tariff, and the through rate published in this tariff has no application as to that shipment."

The New York, New Haven and Hartford Railroad Company Tariff, I.C.C. No. 3710, provides a commodity rate for boots and shoes in carloads from Harlem River to Boston of 33 cents per hundred pounds. The rate for Class 2 freight from Brooklyn to Harlem River under Tariff No. 369 is 39 cents per hundred pounds. Since the aggregate of these two rates, 72 cents, is less than the 86-cent through rate, by virtue of Rule No. 15, the 86-cent rate is no longer applicable. Plaintiff now concedes this but contends that the aggregate rate of 72 cents is the rate which should have been applied.

The United States accepts the 33-cent rate from Harlem River to Boston as the correct one for that part of the route but contends that the proper rate for the Brooklyn to Harlem River portion of the route is the 13 cents per hundred pound rate for merchandise contained in the Bush Terminal Railroad Company Local and Proportional Freight Tariff, I.C.C. No. 72. Use of these two rates produces an aggregate rate of 46 cents and the deduction made by the government represented the difference between this 46-cent rate and the 86-cent rate at which the shipments in question were originally billed.

Tariff No. 72 contains the following provision:

"Application of Rates.

"Rates named herein applying on shipments to or from Floatbridges of Connecting Lines, Junction Points with South Brooklyn Railway, and Bush Docks Station of connecting lines, only when no through published rates are in effect and are to be added to rates and charges to or from Floatbridges of Connecting Lines. Junction Points with the South Brooklyn Railway, or Bush Docks Station of Connecting Lines, which are lawfully on file with the Interstate Commerce Commission on Interstate Traffic, and with the Transit and Public Service Commission on Intrastate Traffic."

1. The various tariffs herein referred to were all in effect at the dates of the shipments in question. The various rates considered are those given in the tariffs as published, increased by 6% as authorized by the Interstate Commerce Commission in Tariff of Increased Rates and Charges No. X-148.

The issue thus boils down to this. The United States is entitled under Rule No. 15 to claim as the proper rate for these shipments the lowest aggregation of intermediate rates which is applicable to them, and hence to claim the 13-cent rate from Brooklyn to Harlem River if it is applicable. The only ground advanced by New Haven for holding it is not applicable is that it applies by its own terms "only when no through published rates are in effect" and that there are such rates in effect, namely the 86-cent rate from Brooklyn to Boston and the 39-cent rate from Brooklyn to Harlem River, both contained in Tariff No. 369.

As to the 86-cent rate, the argument is that even though under Rule No. 15 the existence of the 72-cent aggregate rate makes the 86-cent rate inapplicable to the shipments in question, it is nevertheless a through published rate which was still in effect at the time of the shipments. It is quite true that the 86-cent rate was generally in effect at the time. It was part of a published tariff which had not been canceled and would no doubt be the applicable rate for many Brooklyn to Boston shipments. But it would seem that the language of the Application of Rates provision of Tariff No. 72 should be taken as referring not to a through published rate in effect generally as to some shipment to which it might be applicable, but to a through published rate which is actually applicable to the shipment in question and hence can properly be regarded as in effect as to that shipment. Only such a rate would be pertinent in determining whether Tariff No. 72 is applicable to the shipment in question. The 86-cent rate admittedly does not apply to the shipments involved here and does not bar use of the rate contained in I.C.C. No. 72.

Plaintiff apparently does not contend that the 72-cent aggregate rate would bar use of the I.C.C. No. 72 rate. While this might be properly called a through rate since it is a rate applicable to a through shipment, Thompson v. United States, 343 U.S. 549, 556, 72 S.Ct. 978, 96 L.Ed. 1134, it is nevertheless only an aggregate of intermediate rates and not a through rate published as such.

New Haven does contend, however, that the 39-cent Brooklyn to Harlem River rate of I.C.C. No. 369 is a through rate which makes I.C.C. No. 72 inapplicable. It may be that this 39-cent rate can be called a through rate on shipments from Brooklyn to Harlem River in the sense that any published rate between two points can be called the through rate between those points. It was apparently in that sense that the government's expert witness, Mr. Amick, agreed that it could be called a through rate. But this cannot be what the Application of Rates provision of I.C.C. No. 72 means, at least as applied to a shipment going beyond one of the stations listed therein.[2] The only pertinent through rate in such a case is a through rate for the through shipment over the whole of the through route and not an intermediate rate for a portion of the route which under other circumstances might be the through rate for a shipment traveling only over that part of the route. A through rate, whether established as such or formed by a combination of rates, is a single charge for a single service. In the Matter of Through Routes and Through Rates, 12 I.C.C. 163, 166. The service performed here was transportation of shoes from Brooklyn to Boston and the only pertinent through rate is one from Brooklyn to Boston and not the rate for a distinct service which might have been performed over a portion of the route.

New Haven also argues that the 13-cent rate cannot be used because the rates published in I.C.C. No. 72 are to be used only by adding them to some other rate. But it is quite clear that here the 13-cent rate is to be added to the Harlem River to Boston 33-cent rate. This use of the 13-cent rate as a proportional rate to be added to charges over other portions of

2. It is not necessary to decide whether in the case of a purely local shipment originating at Bush Terminal in Brooklyn and terminating at Harlem River Station the 13-cent or the 39-cent rate would apply.

a through route to produce a combination through rate seems to be precisely the use contemplated in I.C.C. No. 72. There seems to be nothing else to which it might be added.

In the absence of any applicable published through rate for these shipments, the proper combination rate is that formed by adding the 13-cent rate of I.C.C. No. 72 to the 33-cent rate of I.C.C. No. 3710 to give an aggregate rate of 46 cents per hundred pounds. The difference between this rate and the 86-cent rate originally charged represents an overcharge properly deducted by the United States on freight bill F-254655 and the railroad is entitled to recover nothing in this action.

Judgment will be entered for the United States.